UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT DAVID KAHRE, et. al. ) <br> ) <br> Defendants. ) <br> _____ ) | 2:05-cv-00121-DAE-RJJ <br><br> **O R D E R** |

This matter is before the undersigned Magistrate Judge on Defendant Robert Kahre's Motion for Production and Inspection of Grand Jury Transcripts (#2045). The Court has considered Defendant's Motion (#2045), the Government's Response (#2123), and Defendant's Reply (#2167).

**BACKGROUND**

On April 5, 2005, the United States filed two indictments against Robert Kahre, various family members, and other associates of his businesses, initiating the instant criminal case. The defendants were charged with numerous counts of Willful Failure to Collect/Pay Over Tax, Conspiracy to Attempt to Evade or Defeat Tax, Attempt to Interfere with Administration of Internal Revenue Law, and Wire Fraud. The case went to trial in May 2007 and, on September 17, 2007, the jury returned no verdict as to any counts against defendants Robert Kahre, Lori Kahre, and Alexander Loglia. *See* Minutes of Proceedings (#1626).

Subsequently, on November 20, 2007, the United States filed a Third Superseding Criminal Indictment, charging the defendants with 79 criminal counts (59 as to Robert Kahre), including Conspiracy to Defraud, False Statement to a Bank, Wire Fraud, Attempt to Evade or Defeat Tax, Willful Failure to Collect or Pay Over Tax, Filing a False U.S. Individual Income Tax Return, and

Attempts to Interfere with Administration of Internal Revenue Laws. *See* Third Superseding Indictment (#1671).

Currently before the Court is Defendant Robert Kahre's Motion (#2045) seeking an order from the Court permitting the inspection and production of the transcripts from the grand jury proceedings which resulted in the Indictment in this case. The request is premised on (1) the alleged personal interest of the prosecutor, Gregory Damm, and I.R.S. Special Agent, Jared Halper; (2) the assertion that the grand jury was improperly instructed that the defendants were employees, as opposed to independent contractors; (3) that the grand jury was improperly instructed on the valuation of the coins at issue for the purpose of taxation; and (4) that the grand jury was improperly instructed on the law of gifts and the duty to provide for minor children.

The government opposes the request on the grounds that (1) Kahre fails to articulate a particularized and compelling need for the production, and (2) that Kahre's request is speculative.

## DISCUSSION

The general rule of secrecy of grand jury proceedings is essential to the purpose of the grand jury process. *United States v. Proctor and Gamble Co.*, 356 U.S. 677, 681 (1958). The exceptions to the general rule are few, as evidenced by FED. R. CRIM. P. 6(e)(3). Under Rule 6(e)(3)(E), "[t]he court may authorize disclosure ... of a grand jury matter ... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). The party seeking the disclosure must show a particularized and compelling need for the disclosure that outweighs the policy of grand jury secrecy. *In re Grand Jury Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981); *see also Dennis v. United States*, 384 U.S. 855, 870 (1996). Unsubstantiated speculative assertions of improprieties do not supply the particular need required to outweigh the policy of grand jury secrecy. *See, e.g., United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citations omitted).

**1. Failure To Disclose *Bivens* Action**

Kahre first argues that the Government was obligated to disclose the fact that AUSA Damm and various IRS Special Agents were named in a civil case filed by various defendants

prior to the initial indictment in this matter. *See Charles Allen, et. al v. Gregory Damm, et. al.*, Case No. 2:03-cv-1358-PMP-RJJ. This argument fails for several reasons.

First, Kahre cites no authority to support his assertion that failure to disclose the fact that a prosecutor has been named in a *Bivens* action violates his rights. It is an unsubstantiated, bare legal conclusion. Moreover, the mere non-disclosure of a civil suit does not show that the grand jury itself was tainted or that the procedures were fundamentally unfair. The filing of a civil suit against Damm does not equate to an irregularity in the grand jury proceedings. Additionally, even assuming that a pending civil lawsuit is exculpatory evidence, the Government is under no obligation to disclose all exculpatory evidence to the grand jury. *See e.g., United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citations omitted).

Second, Kahre claims that under Department of Justice procedure, "when a prosecutor conducting a grand jury is personally aware of substantial evidence that negates the guilt of the subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment." The fact that the prosecutor conducting the grand jury is a defendant in a civil action is not "substantial evidence" that negates guilt. To conclude otherwise would unleash an avalanche of pre-indictment *Bivens* lawsuits intent on avoiding criminal indictment as opposed to procuring civil justice.

Finally, Kahre argues that the failure to disclose the existence of a *Bivens* action violates the McDade Act. The McDade Act, as codified in 28 U.S.C. § 530B, mandates that government attorneys "shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." *See* 28 U.S.C. § 530B. In Nevada, prosecutors have a duty to submit evidence to the grand jury that "will explain away the charge." NRS § 172.145. A pending *Bivens* action is not evidence that has a tendency to explain away the charges against Kahre.

**2. Employee v. Independent Contractor**

Kahre also argues that AUSA Damm failed to adequately instruct the grand jury concerning the legal basis for determining whether workers were employees as opposed to

independent contractors. He claims this conclusion is compelled by two factors: (1) the IRS's treatment of former defendant Enrique Ceballos as an independent contractor to various Las Vegas contractors, and (2) AUSA Damm's alleged treatment of former defendants Jose Mateos and Enrique Ceballos as independent contractors in their plea agreements. Neither argument is persuasive.

Merely because the IRS accepts a separate contractor's characterization of an individual as an independent contractor, rather than an employee, does not make it so under all circumstances, and is not adequate to demonstrate a particularized and compelling need for the disclosure of grand jury transcripts.

Additionally, Kahre's characterization of the plea agreements of former defendants Jose Mateos and Enrique Ceballos is misleading. Kahre seizes on language in both plea agreements indicating that the former defendants paid cash wages to other Kahre employees. Based on that language, Kahre urges the Court to find that the Government actually treated each former defendant as an independent contractor because the facts supposedly align with certain factors contained in the twenty (20) common law factors set out in Rev. Rule 87-41. However, Kahre concedes that no one factor is determinative and that the factors are designed only as guides. *See Nationwide Mutual Insurance v. Darden*, 503, U.S. 318, 324 (1992). Moreover, the notion that the Government actually treated the former defendants as independent contractors for purposes of the plea agreement is incorrect. The facts supporting each guilty plea make it abundantly clear that the Government treated each former defendant as an employee of one of Robert Kahre's companies. *See* Plea Memorandum (#591) at pgs. 7-11; *see also* Plea Memorandum (#1399) at pgs. 7-10.

The question of whether an individual is an employee or independent contractor is a question of fact. It is determined based on the twenty (20) common law factors set out in Rev. Rule 87-41. Kahre's arguments boil down to the broad assertion that there is no legal basis to classify any employees as such for purposes of the alleged 26 U.S.C. § 7202 violations. Such a broad, unsupported assertion is inadequate to demonstrate a particularized or compelling need for disclosure of the grand jury transcripts.

### 3. Fair Market Value

Kahre also asserts that the grand jury was improperly instructed on the valuation of the coins for purposes of taxation. According to Kahre, there is no duty to calculate income based on the market value of the gold coins. The Ninth Circuit has rejected this argument. *See Cal. Federal Life Ins. Co. V. Comm'r*, 680 F.2d 85, 86-87 (9th Cir. 1982); *see also Cordner v. United States*, 671 F.2d 367, 368-69 (9th Cir. 1982); *see also Joslin v. United States* 666 F.2d 1306, 1307 (10th Cir. 1981). Accordingly, this claim does not satisfy the particularized and compelling need requirement.

### 4. Gifts

Kahre is charged with multiple counts of "placing funds and property in the names of nominees" in violation of 26 U.S.C § 7201. Kahre, along with defendants Danille Cline and Lori Kahre, is also charged with attempting to conceal assets in violation of 26 U.S.C. § 7212(a). Kahre does not dispute that he provided the funds to purchase the assets; rather, he asserts that the transfers were intended as gifts and, therefore, the grand jury was not properly instructed on the essential element of intent for purposes of criminal counts 52-56 in the Third Superseding Indictment (#1671) because AUSA Damm allegedly failed to instruct the grand jury on the law of "gifts."

Kahre offers no factual support other than his own conclusion to support this assertion. Moreover, any reliance on *United States v. Cerullo*, 2007 WL 2683799 (S.D. Cal. 2007) is misplaced. The *Cerullo* case involved criminal tax fraud charges against a "religious" minister who failed to report income from his work at "church" and whether that conduct violated 26 U.S.C. § 7206(1) (filing false income tax returns). In *Cerullo*, the grand jury issue was whether the prosecutor properly instructed the grand jury on the law of gifting in response to repeated questions regarding how to differentiate between earned income and gifts. *Cerullo*, 2007 WL 2683799 *2-3. The issue here has nothing to do with earned income versus gifts, but, rather, whether Kahre attempted to transfer property to others in order to obstruct the IRS.

The corrupt acts giving rise to a criminal indictment under 26 U.S.C. § 7212(a) need not

be illegal.[1] *See United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). "An act is corrupt withing the meaning of section 7212(a) if it is performed with the intention to secure an unlawful benefit for oneself or for another." *United States v. Hanson* 2 F.3d 942, 946 (9th Cir. 1993). "Even legal actions violate 7212(a) if the defendant commits them to secure an unlawful benefit for himself or others." *Id*. (citation omitted); *see also United States v. Shriver*, 967 F.2d 572, 574 (11th Cir. 1992) (transferring real estate to spouse to avoid IRS lien). As such, even assuming the gifts were legal does not make that fact exculpatory and, even if it did, the Government is under no obligation to disclose all exculpatory evidence to the grand jury. *See e.g., United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citations omitted).

Accordingly, the Court finds that the unsupported allegation that the Government failed to instruct the grand jury on the law of gifts is inadequate to demonstrate a particular or compelling need for disclosure of the grand jury transcripts.

**5. Breach of Secrecy**

Kahre also argues that the government has already breached the secrecy of the grand jury proceedings by turning over documents and testimony from the grand jury proceedings to the IRS Civil Division so that it may file liens against various properties. Thus, Kahre argues, citing *United States v. Fischbach and Moore, Inc.*, 776 F.2d 839, 844 (9th Cir. 1985), that in the interest of fairness, and because there is now a lesser interest in secrecy due to the alleged disclosure, the grand jury transcripts should be disclosed. However, Kahre fails to provide any evidence that the Government handed over any documents or grand jury testimony to the IRS. The argument is based on nothing more than speculation, which is insufficient to show the particular need required to outweigh the policy of grand jury secrecy. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).

**CONCLUSION**

After review, the Court finds that Kahre has failed to demonstrate any particular or compelling need that would overcome the need for grand jury secrecy. *In re Grand Jury*

---

[1] Section 7212(a) may be violated (1) by corrupt action, (2) by force, or (3) by threats of force. *United States v. Dain*, 258 Fed. Appx. 90, 95 (9th Cir. 2007).

- 6 -

*Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981); *see also Dennis v. United States*, 384 U.S. 855, 870 (1996). Kahre's arguments are based on speculative and unsupported allegations of impropriety which, of course, do not supply the particular need required to outweigh the policy of grand jury secrecy. *See, e.g., Ferreboeuf*, 632 F.2d at 835 (9th Cir. 1980).

## **ORDER**

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Robert Kahre's Motion for Production and Inspection of Grand Jury Transcripts (#2045) is **DENIED.**

DATED this __11th__ day of May, 2009.

                                                                 _____
                                                                 ROBERT J. JOHNSTON
                                                                 United States Magistrate Judge