**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> vs. ) <br> ) <br> ROBERT D. KAHRE, ) <br> ) <br> Defendant-Petitioner. ) <br> ) | Case No.: 2:05-cr-00121-DAE-RJJ <br><br> **ORDER** |

Pending before the Court are the duplicative Motions to Recuse U.S. District Court Judge David A. Ezra (ECF Nos. 2889 and 2893) filed by Defendant-Petitioner Robert D. Kahre ("Petitioner"). Petitioner supports these motions by claiming that Judge Ezra was "bias[ed], prejudice[d], and had a continuing bent of mind against [Petitioner] and others with whom he associated" as shown by his willingness to "support [the] prosecutor" and "knowingly [take] perjured testimony" and violate "the secured constitutional rights of [Petitioner] to achieve [a conviction]." (Motion to Recuse at 1, ECF No. 2889). Petitioner also claims that Judge Ezra "had a pecuniary interest in the outcome of the case, including but not limited to, continuing the ongoing economic emergency created and perpetuated by the [United States], the form, substance and value of contract payments and contributions, and corporate stock in too-big-to-fail and too-big-to-go-to-jail financial institutions involved in the criminal case." (*Id.* at 1–2).

First, the Court notes that these motions for recusal are untimely. The Ninth Circuit has held that "a motion for recusal filed weeks after the conclusion of a trial is presumptively untimely absent a showing of good cause for its tardiness." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citing 28 U.S.C. § 144); *see also United States v. Hurd*, 549 F.2d 118, 119 (9th Cir. 1977) (per curiam) (motion filed on fifth day of trial "much too late"). Here, the motions were filed years after the alleged actions showing bias occurred at trial, and Petitioner

has presented no argument showing good cause for this delay. Even assuming timeliness, however, there is no merit in Petitioner's arguments for recusal.

The standard for recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at 939. The vast majority of Petitioner's allegations involve Judge Ezra's performance while presiding over Petitioner's case; therefore, they cannot form the basis for a request for recusal. *See id.* ("Studley's first two allegations are not extrajudicial because they involve the judge's performance while presiding over her case."); *see also Rivera v. C.I.R.*, 959 F.2d 241 (9th Cir. 1992) (unpublished) (rejecting an argument for recusal based on accusations that a judge knowingly allowed a witness to perjure herself). Furthermore, to the extent Petitioner alleges Judge Ezra has a financial interest in his case, those allegations are so vague and nonsensical that no reasonable person would conclude that Judge Ezra's impartiality might reasonably be called into question by them. *See Studley*, 783 F.2d at 939 ("The third allegation is too vague [and] would not lead a reasonable person to conclude that Judge Schwartz's impartiality might reasonably be questioned."). Accordingly, there is no basis for granting Petitioner's request for a recusal.

**IT IS HEREBY ORDERED** that Petitioner's Motions to Recuse (ECF Nos. 2889 and 2893) are **DENIED**.

**DATED** this __19__ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge