UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT D. KAHRE, | § | No. 2:05-CR-121(1)-DAE |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES, | § | |
| Respondent. | § | |

ORDER (1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND CONVICTION AND (2) DENYING CERTIFICATE OF
<u>APPEALABILITY</u>

Before the Court is a Motion to Vacate, Set Aside, or Correct

Sentence and Conviction Pursuant to 28 U.S.C. § 2255 filed by Petitioner Robert

D. Kahre.  (Dkt. # 2890.)[1] [2]  Upon careful consideration of the briefs filed in

---

[1]  Inexplicably, Petitioner filed an identical Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 three days after filing the first motion. (Dkt. # 2892.)  Section 28 U.S.C. § 2255(f)(1) requires that a petitioner file a motion under the section within one year from the date on which his judgment of conviction became final.  28 U.S.C § 2255(f)(1).  Petitioner's conviction became final when the U.S. Supreme Court denied his Petition for a Writ of Certiorari on October 6, 2015.  (Dkt. # 2875.)  Petitioner filed his second, identical motion on October 9, 2015, more than one year after his conviction became final. Accordingly, this Motion is **DENIED** because it was not timely filed.  However, the denial of this motion is irrelevant because it is identical to the motion the Court considers in this opinion.

[2]  Petitioner styles his motion as one that only challenges his sentence.  However, he raises claims that also challenge his conviction.  This Court is bound to construe documents filed by a pro se litigant liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'").  Accordingly,

support and in opposition, the Court, for the reasons that follow, **DENIES**

Petitioner's Motion to Vacate Set Aside, or Correct Sentence and Conviction  (Dkt.

# 2890).

BACKGROUND

On November 20, 2007, the Government filed a Third Superseding

Indictment against Petitioner.  (Dkt. # 1671.)  The Indictment alleged, inter alia,

that Petitioner engaged in a conspiracy to avoid the payment of payroll and income

taxes by utilizing a payroll system pursuant to which employees received their

wages in gold and silver coins, which were later exchanged for cash.  (See id.)  The

indictment charged Petitioner with one count of conspiracy in violation of 18

U.S.C. § 371, two counts of attempting to interfere with the administration of

internal revenue laws in violation of 26 U.S.C. § 7212(a), forty-eight counts of

failure to pay employment taxes in violation of 26 U.S.C. § 7202, four counts of

attempting to evade or defeat taxes in violation of 26 U.S.C. § 7201, and one count

of wire fraud in violation of 18 U.S.C. § 1343.  (See id.)

On August 14, 2009, a jury found Petitioner guilty on all counts.

(Dkt. # 2520.)  At sentencing, this Court determined that trial testimony and

relevant conduct supported a base offense level of 30 and that ample support

existed for an obstruction of justice enhancement, but for reasons articulated at

---

the Court construes Petitioner's motion to be one that challenges both his sentence
and conviction pursuant to 28 U.S.C. § 2255.

sentencing downward varied from the guidelines. On November 17, 2009, this Court sentenced Petitioner to 190 months' imprisonment and three years' supervised release. (Dkt. # 2615.)

Petitioner timely appealed. (Dkt. # 2602.) On appeal, Petitioner contended inter alia that this Court erred: (1) by not dismissing the indictment because he lacked the requisite notice his conduct violated the tax laws; (2) by not disqualifying the prosecutor due to his status as a defendant in a <u>Bivens</u> action instituted by Petitioner; (3) by being partial and conducting itself in a way prejudicial to Petitioner that resulted in an unfair trial; (4) by making certain evidentiary rulings that were prejudicial and resulted in an unfair trial; (5) by denying various motions to suppress evidence obtained from a search; (6) by determining that gold and silver coins used to pay wages were properly assessed at their fair market value; (7) by calculating Petitioner's tax loss on the premise that his workers were employees and not independent contractors; and (8) by applying an obstruction to justice enhancement to his sentence.

On December 5, 2013, in a published opinion, the U.S Court of Appeals for the Ninth Circuit affirmed the trial court in all respects and held inter alia: (1) Petitioner had ample notice that his payroll scheme triggered requirements to remit payroll taxes to the Internal Revenue Service ("IRS"); (2) Petitioner had failed to present clear and convincing evidence of prosecutorial misconduct; (3) the

trial court's exclusion of evidence did not improperly dilute the Government's

burden of proof or preclude a complete defense; (4) the trial court's conduct did

not demonstrate partiality that would warrant reversal of the conviction; and (5)

sufficient evidence existed to support the trial court's finding that Petitioner's

employees were not independent contractors.  See United States v. Kahre, 737 F.3d

554 (9th Cir. 2013).  On October 6, 2014, the Supreme Court of the United States

denied Petitioner's petition for a writ of certiorari.  (Dkt. # 2875.)

On October 6, 2015, Petitioner timely filed the instant motion

pursuant 28 U.S.C. § 2255 collaterally attacking his conviction and sentence.  (Dkt.

# 2890.)  In his motion, Petitioner asserts six grounds for relief: (1) perjury and

suborned perjury; (2) wrongful application of the obstruction of justice

enhancement at sentencing; (3) vagueness and lack of constitutional due process

notice regarding the distinction between employees and independent contractors;

(3) failure to prove fair market value of Untied States debt instruments in

circulation; (4) deprivation of Sixth Amendment right to call witnesses for the

defense; and (5) judicial prejudice.  (Id.)  On February 9, 2016, the Government

filed its response.  (Dkt. # 2903.)

## LEGAL STANDARD

Upon motion by a prisoner in custody under a sentence of a United

States court, federal law requires a court to vacate and set aside a judgment and

discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence, if the court finds any one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence."  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).  Accordingly, collateral attacks pursuant to § 2255 are subject to certain constraints.

First, federal prisoners are barred from raising claims on collateral review that they could have raised on direct appeal but did not unless the Government waives the procedural default defense by failing to raise it.  United States v. Swisher, 811 F.3d 299, 307 (9th Cir. 2016) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'"  United States v. Braswell, 501 F.3d 1147, 1149 (9th Cir. 2007) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).  To show "cause" a petitioner must "show that some objective factor external to the defense" impeded compliance with the procedural rule.  Murray v. Carrier, 477 U.S. 478,

488 (1986). "Such objective impediments to compliance with a procedural rule [requires] a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable." Id. (internal citations omitted). If cause is shown, the prejudice prong of the test requires a showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Braswell, 501 F.3d at 1149 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Second, "issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." Garcia v. United States, 61 F.3d 910, 910 (9th Cir. 1995) (citing United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979)); see also United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition.").

Finally, the Ninth Circuit consistently holds that "a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996) (citing United States v. Schlesinger, 49 F.3d 483, 485 (9th

Cir. 1995)); see also Koliopoulos v. United States, Civ. No. 08-00567-ACK, 2009 WL 874523, at * 3 (D. Haw. Apr. 2, 2009).

DISCUSSION

As discussed below, the Court finds that Petitioner's arguments lack merit. Because the record conclusively shows that Petitioner is not entitled to relief, a hearing is not warranted in this case.

I.     Perjury and Suborned of Perjury

Petitioner alleges that a Government witness committed perjury and that the prosecutor suborned that perjury to prove that Petitioner was in Las Vegas, where, on September 11, 2001, he signed a fraudulent loan instrument. (Dkt. # 2890 at 3−6.) Petitioner maintains that he was in Oregon at the time. (Id.) Specifically, Petitioner alleges that Thomas Brown gave perjured testimony about Petitioner's whereabouts during the alleged fraudulent loan transaction. (Id. at 4.)

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition." Hayes, 231 F.3d at 1139. On direct appeal, Petitioner and his co-appellants contended "that the prosecutor suborned perjury because one witness' testimony was contradicted by other witnesses." Kahre, 737 F.3d at 575. The Ninth Circuit rejected this assertion by stating "Appellants fail again to effectively challenge the district court's ruling that the contradictory

7

testimony presented a credibility issue, not perjury." Id.  Accordingly, this Court must deny Petitioner's claim for habeas relief because Petitioner had a full and fair opportunity to litigate it on direct appeal.

To the extent that Petitioner did not individually raise the perjury and subornation of perjury claim on direct appeal, the claim must still fail.  Upon review of the appellate record, it was Petitioner's co-defendant Lori Kahre who raised the issue of Thomas Brown's alleged perjury and the prosecutor's alleged subornation of that perjury.[3]  Br. for Lori Kahre at 42, United States v. Kahre, 737 F.3d 554 (9th Cir. 2013) (Nos. 09-10528, 09-10472, 09-10529), 2011 WL 2529562, at * 42−43.  While Petitioner may not have technically raised this claim on direct appeal, the fact his co-defendant Lori Kahre raised it demonstrates that Petitioner also could have raised it.  Since federal prisoners are barred from raising claims on collateral review that they could have raised on direct appeal but did not,[4] the Court will not grant Petitioner habeas relief on this ground.  See Swisher, 811 F.3d at 307.

---

[3] Lori Kahre's assertion was also unsuccessful on appeal.  Kahre, 737 F.3d at 575 ("Appellants fail again to effectively challenge the district court's ruling that the contradictory testimony presented a credibility issue, not perjury.").

[4] Petitioners are barred from raising issues on collateral appeal that they could have raised on direct appeal but did not unless the Government waives this default. Swisher, 811 F.3d at 307.  Here, the Government has not waived the default, but instead expressly invoked the procedural default defense in its response to Petitioner's § 2255 motion.  (Dkt. # 2903 at 6.)

II.     Sentencing Enhancement for Obstruction of Justice

Petitioner also challenges the district court's application of U.S.

Sentencing Guideline Section 3C1.1 that enhanced his base offense level by two

points for obstructing justice.  (Dkt. # 2890 at 5−6.)

Petitioner challenged the obstruction enhancement on direct appeal.

Opening Br. for Robert D. Kahre at 27, United States v. Kahre, 737 F.3d 554 (9th

Cir. 2013) (Nos. 09-10528, 09-10472, 09-10529), 2011 WL 2784313, at * 27−28.

As the Ninth Circuit noted "the obstruction of justice enhancement was premised

on Kahre's false trial testimony" about his whereabouts on September 11, 2001,

during which time the indictment alleged he signed a false loan application.

Kahre, 737 F.3d at 582.  The Ninth Circuit held that "Kahre does not effectively

rebut the district court's finding that he committed perjury when he testified."  Id.

Petitioner now challenges the obstruction enhancement again on

collateral review.  The law is clear that "[w]hen a defendant has raised a claim and

has been given a full and fair opportunity to litigate it on direct appeal, that claim

may not be used as a basis for a subsequent § 2255 petition."  Hayes, 231 F.3d at

1139.  Petitioner was given a full and fair opportunity to litigate the obstruction

enhancement on direct appeal and the Ninth Circuit squarely addressed and

dismissed Petitioner's contention.  Accordingly, this Court denies Petitioner habeas

relief on this ground.

III.  Vagueness and Lack of Constitutional Due Process for Notice Regarding
      Employees and Independent Contractors

Petitioner challenges his conviction on the ground that Jury Instruction

32 was "constitutionally and impermissibly flawed upon grounds of vagueness

[because] there were no promulgated Treasury-IRS regulations . . . regarding the

meaning and distinctions between the words 'employee' and 'independent

contractor.'" (Dkt. # 2890 at 28.)  Specifically, Petitioner alleges that

> Jury Instruction #32 vaguely and ambiguously told the jury what was
> to be considered to decide whether a person or persons providing
> services or work was an employee or independent contractor.  Jury
> Instruction [32][5] also tried to influence the jury that the [IRS]
> developed twenty factors or elements to determine the status of the
> person or persons providing the services or work.

(Dkt. # 2890 at 8.)  Jury Instruction 32 instructed the jury on the legal

differences between an employee and independent contractor as well as

listing the twenty factors used by the IRS to indicate whether sufficient

control is present to establish an employee-employer relationship.  (See Dkt.

# 2517-2 at 1−6.)

Upon review of the appellate record, the Court finds that

Petitioner did not raise any issue about the alleged constitutional infirmity of

---

[5] Petitioner actually writes "30," but it is obvious to the Court that Petitioner meant
Jury Instruction 32 because the rest of the sentence pertains to subject matter listed
in Jury Instruction 32 and not germane to Jury Instruction 30.  (Compare "Jury
Instruction 30," Dkt. # 2517 at 32, with "Jury Instruction 32," Dkt. # 2517-2 at
1−6.)

Jury Instruction 32.  Instead, on direct appeal Petitioner argued that "because

his workers were independent contractors, the district court erred in

calculating a tax loss premised on payroll taxes for an employee."  <u>Kahre</u>,

737 F.3d at 580.  Further, the only jury instruction challenged by Petitioner

and his co-defendants was Jury Instruction 48, instructing "gold and silver

coins must be reported at their fair market value."  Opening Br. by

Alexander C. Loglia at 47, <u>United States v. Kahre</u>, 737 F.3d 554 (9th Cir.

2013) (Nos. 09-10528, 09-10472, 09-10529), 2011 WL 2784314, at

* 47−52.[6]  Accordingly, since Petitioner failed to challenge Jury Instruction

32 on direct appeal, the Court finds that Petitioner procedurally defaulted on

this issue.

Here, Petitioner does not show any objective factor or factors external

to his defense that prevented him from raising this issue on direct appeal.  He does

not claim novelty[7] because the IRS's twenty-factor test and the law of due process

were well established at the time of his trial and appeal, nor does he claim that an

official interfered with his ability to object to Jury Instruction 32.  Further, even if

---

[6] Petitioner expressly incorporated Loglia's brief on this issue.  <u>See</u> Opening Br.
for Robert D. Kahre, 2011 WL 2784313 at *1.

[7] As an example, Petitioner relies on Section 530 of the Revenue Act of 1978 to
demonstrate ambiguity and vagueness in the law.  As Petitioner admits, this law is
not new and novel; it was originally passed into law in 1978.  Accordingly, it is not
sufficient to demonstrate the cause necessary to overcome procedural default on
collateral review.

Petitioner had successfully demonstrated cause, which he does not, he fails to establish the second prong necessary to overcome procedural default−prejudice. Petitioner makes no representation or cites any authority that Jury Instruction 32 "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Braswell</u>, 501 F.3d at 1149 (emphasis in original). Accordingly, the Court denies Petitioner's habeas relief on this ground.

IV. <u>Failure to Prove Fair Market Value of U.S. Debt Instruments</u>

Petitioner asserts three separate grounds for relief under this section: (1) that the trial court committed error with Jury Instruction 48 by failing to "truthfully and honestly inform the jury of the standards for 'fair market value'"; (2) "[the Government's] 'market value' and 'nominal value' measurements [were] 'prejudicial' to the defense, violated the defendants' rights to due process, and made a mockery of [the] obligation to 'establish [j]ustice'"; and (3) [t]estimony given and evidence presented during the trial did not establish a 'fair market value' for United States legal tender gold and silver coins. (Dkt. # 2890 at 31−32.)

A. <u>Jury Instruction 48</u>

Through Petitioner's co-defendant Alexander Loglia, Petitioner challenged Jury Instruction 48.[8] Br. by Alexander C. Loglia at 47, 2011 WL 2784314, at * 1. Specifically, the issue on appeal asked "[w]as the trial court's

---

[8] Petitioner expressly incorporated Loglia's brief on this issue. <u>See</u> Opening Br. for Robert D. Kahre, 2011 WL 2784313 at *1.

ruling and jury instruction on valuation of circulating gold and silver coins as property for tax purposes erroneous as a matter of law." Id. On review, the Ninth Circuit held that "the district court correctly determined that gold and silver coins used to pay wages were properly assessed at their fair market value [as property]." Kahre, 737 F.3d at 572. To the extent the Ninth Circuit addressed the legal sufficiency of Jury Instruction 48's language on fair market value of gold and silver coins, "issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." Garcia, 61 F.3d at 910. Accordingly, the Court denies Petitioner's habeas motion on this ground.

To the extent that Petitioner alleges that the trial court erred in failing to "inform the jury what the legal requirements and standards for 'fair market value' were," the Court denies relief. As noted in Section III of this order, federal prisoners are barred from raising claims on collateral review that they could have raised on direct appeal unless they demonstrate cause and prejudice. Swisher, 811 F.3d at 307. The Court finds that Petitioner procedurally defaulted by not raising this specific argument about Jury Instruction 48 on direct appeal. The Court must deny relief on this ground because Petitioner has not alleged facts to demonstrate factors external to his defense that prevented him from raising the issue on appeal or how the jury instruction caused an error of constitutional dimension.

B. <u>Market Value and Nominal Value Measurements</u>

Petitioner asserts that the Government's "market value" and "nominal value" measurements of gold and silver coins were prejudicial to his defense, violated his due process rights, and mocked the trial court's obligation to "establish justice." (Dkt. # 2890 at 32.) Petitioner does not provide an explanation for this assertion beyond the single sentence in which he raises the claim.

Federal prisoners are barred from raising claims on collateral review that they could have raised on direct appeal but did not. <u>Swisher</u>, 811 F.3d at 307. Here, there is no indication in the Ninth Circuit opinion that Petitioner challenged the Government's measurements of gold and silver coins. Petitioner did challenge the trial court's determination that the tax valuation of gold and silver coins would be based on fair market value and the court of appeals affirmed the district court. <u>Kahre</u>, 747 F.3d at 568−73. Since Petitioner did not raise this ground for relief on direct appeal, the Court finds that he procedurally defaulted and is precluded from asserting this ground on collateral review absent cause and prejudice. Beyond making the conclusory statement that the Government's measurement of gold and silver coins was "prejudicial" to his defense, Petitioner makes no argument and provides no factual basis that would demonstrate to the Court such prejudice was of "constitutional dimension." <u>Braswell</u>, 501 F.3d at 1149. Nor does Petitioner make the argument or proffer facts that some external factor to his defense

prevented him from raising this issue on direct appeal.  For these reasons, the Court denies relief on this ground.

### C.  Sufficiency of Evidence

Petitioner next argues that "[t]estimony given and evidence presented during trial did not establish a 'fair market value' for United States legal tender gold and silver coins."  (Dkt. # 2890 at 31.)

Once again the Court notes that federal prisoners are barred from raising claims on collateral review that they could have raised on direct appeal but did not.  Swisher, 811 F.3d at 307.  Here, Petitioner did not raise this claim on appeal and is thus procedurally defaulted from raising it on collateral review.  Further, Petitioner does not cite to any factor external to his defense that would demonstrate his cause for not raising the issue earlier.  Accordingly, the Court denies relief on this ground.

### V.  Deprivation of Sixth Amendment Right to Call Witnesses

Petitioner asserts that the trial court deprived him of his Sixth Amendment right to call as witnesses the Hon. Ron Paul,[9] Mr. John Green, and the Hon. Jay C. Bybee.[10]  (Dkt. # 2890 at 33−34.)  In his motion, Petitioner admits he did not raise this issue on appeal.  (Id. at 35.)  Therefore, based on Petitioner's own

---

[9] The Hon. Ron Paul is a former United States Congressman.

[10] The Hon. Jay C. Bybee is an active judge on the U.S. Court of Appeals for the Ninth Circuit.

admission, the Court finds that he procedurally defaulted the ability to assert this ground for relief on collateral review. Petitioner fails to establish either the cause or prejudice prongs necessary to overcome a procedural default. He makes no argument and no factual assertion that factors external to his defense caused him to forego raising this Sixth Amendment claim on direct appeal. Petitioner alleges the trial court's refusal to allow him to call these three witnesses prejudiced him because had they testified, "the jury would have had the opportunity to be apprised of the facts and of the reasonable veracity of the defendant's firmly held beliefs." (Id. at 34.) The Petitioner may speculate as to these witnesses testimony, but even assuming he is correct, the prejudice prong requires a showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Braswell, 501 F.3d at 1149. Petitioner makes no such assertion, nor can the Court surmise one, that the absence of testimony from the Hon. Ron Paul, John Green, or the Hon. Jay C. Bybee infected "his entire trial with error of constitutional dimensions" or that placed him at a substantial disadvantage. Accordingly, the Court denies him habeas relief on this ground.

VI.    Judicial Prejudice

Petitioner finally seeks relief due to judicial and prosecutorial prejudice and misconduct. (Dkt. # 36−37.) Petitioner claims that "by failing and

16

refusing to truthfully present and disclose relevant facts to the jury," the prosecutors and the trial court "wantonly breached the obligation to establish justice." (Id. at 37.) Petitioner claims such relevant facts include: (1) "material conditions and preferential treatment regarding the joint venture economic emergency enterprise, [the Government's] corporate stock ownership, [and] that there was a continuing and prevailing Department of Justice policy not to pursue prosecution of those 'too-big-to-fail' and 'too-big-to-go-to-jail' enterprises"; (2) "the appointed members of the judiciary, were subject to and compromised by the same economic emergency enterprise and 'nominal value' of the substitute script they were and are compensated in [since 1976]"; (3) "the judiciary has had [an] overriding policy to ignore heinous acts against the constitution and to create a lesser class of people"; and (4) the Court "refused to recognize and implement [Petitioner's] functional municipal monetary system." (Id.)

Petitioner raised claims contesting this Court's alleged prejudice on direct appeal. Kahre, 737 F.3d at 578. The Ninth Circuit completely rejected such claims and held that Petitioner was "not entitled to a new trial based on the district court's comments or conduct." Id. at 580. To the extent Petitioner raises the same judicial prejudice claim, it fails because "issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." Garcia, 61 F.3d at 910. To the extent Petitioner raises new claims of judicial prejudice, those claims

fail because he did not raise them on direct appeal.  See  Braswell, 501 F.3d at

1149 ("[A] defendant has procedurally defaulted a claim by failing to raise it on

direct review.")  Further, Petitioner has made no showing to overcome procedural

default by demonstrating both cause and prejudice.  Beyond a conclusory

statement that "had the jury been properly and truthfully informed of [the

Government's] significant interests and prejudices, there is sufficient reason to

believe that the jury verdict would be different," (Dkt. # 2890 at 37) Petitioner fails

to establish a cause for not raising these issues on appeal nor how such prejudice

placed him at a substantial disadvantage of constitutional breadth.  Accordingly,

the Court denies habeas relief on this ground.

VII.   Evidentiary Hearing

A court shall hold an evidentiary hearing on a motion under § 2255

"unless the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief."  28 U.S.C. § 2255.  "A court may entertain and

determine such [a] motion without requiring the production of the prisoner at the

hearing."  Id.  In short,

> The standard essentially is whether the movant has made specific
> factual allegations that, if true, state a claim on which relief could be
> granted. A hearing must be granted unless the movant's allegations,
> when viewed against the record, do not state a claim for relief or are
> so palpably incredible or patently frivolous as to warrant summary
> dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); see also United States v. Quan, 789 F.2d 711, 715 (9th Cir.1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility is at issue, no evidentiary hearing is required if it can be "'conclusively decided on the basis of documentary testimony and evidence in the record.'" Shah, 878 F.2d at 1159 (quoting United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989)). In addition, judges may use discovery, documentary evidence, and their own notes and recollections of the plea hearing and sentencing process to supplement the record. Shah, 878 F.2d at 1159. "Judges may also use common sense." Id. The choice of method for handling a § 2255 motion is left to the discretion of the district court. See id. (citing Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988)).

Here, no evidentiary hearing is necessary because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Based on the reasons explained above, Petitioner has not made specific factual allegations that, if true, state a claim on which relief could be granted. See Schaflander, 743 F.2d at 717. Petitioner's claims have

either already been fully litigated on direct appeal or are procedurally defaulted.

Accordingly, the Court finds it unnecessary to hold an evidentiary hearing.

VIII.  Certificate of Appealability

In order to proceed with an appeal, a petitioner must receive a

certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R.

22–1; Allen v. Ornoski, 435 F.3d 946, 950–51 (9th Cir. 2006); see also United

States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  Generally, a petitioner

must make "a substantial showing of the denial of a constitutional right" to warrant

a certificate of appealability.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483–84 (2000).  "The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or

wrong."  Slack, 529 U.S. at 484.  In order to meet this threshold inquiry, the

petitioner has the burden of demonstrating that the issues are debatable among

jurists of reason; that a court could resolve the issues differently; or that the

questions are adequate to deserve encouragement to proceed further.  Id.  Pursuant

to Rule 11(a) of the Rules Governing Section 2255 Cases, district courts are

required to rule on the certificate of appealability in the order disposing of a

proceeding adversely to the petitioner or movant, rather than waiting for a notice of

appeal and request for certificate of appealability to be filed.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet the standard. Accordingly, the Court denies Petitioner a certificate of appealability.

CONCLUSION

For the reasons explained above, the Court: (1) **DENIES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Dkt. # 2890); (2) **DENIES** Petitioner's Second Motion to Vacate, Set Aside or Correct Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Dkt. # 2892); (3) **VACATES** the Court's February 2, 2016 Order scheduling an evidentiary hearing; (4) **VACATES** the Court's February 2, 2016 Order directing U.S. Magistrate Judge George W. Foley to appoint Petitioner counsel; (5) **DENIES** Petitioner a certificate of appealability.

**IT IS SO ORDERED**

**DATE:** Las Vegas, Nevada, March 11, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE