UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT D. KAHRE, | § | No. 2:05-CR-121-DAE |
| Petitioner, | § § § | |
| vs. | § § | |
| UNITED STATES, | § § | |
| Respondent. | § § | |

ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

Before the Court is Robert D. Kahre's ("Petitioner") Motion for a Certificate of Appealability. (Dkt. # 2913). On March 11, 2016, the Court issued an order denying Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and denied him a certificate of appealability. (Dkt. # 2906.) The Court, therefore, construes Petitioner's instant motion as a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Upon careful consideration of the motion and brief in support, the Court, for the reasons that follow, **DENIES** Petitioner's Motion for a Certificate of Appealability (Dkt. # 2913).

BACKGROUND

On November 20, 2007, the Government filed a Third Superseding Indictment against Petitioner. (Dkt. # 1671.) The Indictment alleged, inter alia,

1

that Petitioner engaged in a conspiracy to avoid the payment of payroll and income taxes by utilizing a payroll system pursuant to which employees received their wages in gold and silver coins, which were later exchanged for cash. (See id.) The indictment charged Petitioner with one count of conspiracy in violation of 18 U.S.C. § 371, two counts of attempting to interfere with the administration of internal revenue laws in violation of 26 U.S.C. § 7212(a), forty-eight counts of failure to pay employment taxes in violation of 26 U.S.C. § 7202, four counts of attempting to evade or defeat taxes in violation of 26 U.S.C. § 7201, and one count of wire fraud in violation of 18 U.S.C. § 1343. (See id.)

On August 14, 2009, a jury found Petitioner guilty on all counts. (Dkt. # 2520.) At sentencing, this Court determined that trial testimony and relevant conduct supported a base offense level of 30 and that ample support existed for an obstruction of justice enhancement, but for reasons articulated at sentencing downward varied from the guidelines. On November 17, 2009, this Court sentenced Petitioner to 190 months' imprisonment and three years' supervised release. (Dkt. # 2615.)

Petitioner timely appealed. (Dkt. # 2602.) On appeal, Petitioner contended inter alia that this Court erred: (1) by not dismissing the indictment because he lacked the requisite notice his conduct violated the tax laws; (2) by not disqualifying the prosecutor due to his status as a defendant in a Bivens action

instituted by Petitioner; (3) by being partial and conducting itself in a way prejudicial to Petitioner that resulted in an unfair trial; (4) by making certain evidentiary rulings that were prejudicial and resulted in an unfair trial; (5) by denying various motions to suppress evidence obtained from a search; (6) by determining that gold and silver coins used to pay wages were properly assessed at their fair market value; (7) by calculating Petitioner's tax loss on the premise that his workers were employees and not independent contractors; and (8) by applying an obstruction to justice enhancement to his sentence.

On December 5, 2013, in a published opinion, the U.S Court of Appeals for the Ninth Circuit affirmed the trial court in all respects and held inter alia: (1) Petitioner had ample notice that his payroll scheme triggered requirements to remit payroll taxes to the Internal Revenue Service ("IRS"); (2) Petitioner had failed to present clear and convincing evidence of prosecutorial misconduct; (3) the trial court's exclusion of evidence did not improperly dilute the Government's burden of proof or preclude a complete defense; (4) the trial court's conduct did not demonstrate partiality that would warrant reversal of the conviction; and (5) sufficient evidence existed to support the trial court's finding that Petitioner's employees were not independent contractors. See United States v. Kahre, 737 F.3d 554 (9th Cir. 2013). On October 6, 2014, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. (Dkt. # 2875.)

3

On October 6, 2015, Petitioner timely filed the instant motion pursuant 28 U.S.C. § 2255 collaterally attacking his conviction and sentence. (Dkt. # 2890.) In his motion, Petitioner asserts six grounds for relief: (1) perjury and suborned perjury; (2) wrongful application of the obstruction of justice enhancement at sentencing; (3) vagueness and lack of constitutional due process notice regarding the distinction between employees and independent contractors; (3) failure to prove fair market value of Untied States debt instruments in circulation; (4) deprivation of Sixth Amendment right to call witnesses for the defense; and (5) judicial prejudice. (Id.)

On March 11, 2016, the Court issued an order denying Petitioner's § 2255 motion in all respects on grounds that he procedurally defaulted or already had a full and fair opportunity to litigate his claims on direct appeal. (See Dkt. # 2906.) The Court also denied Petitioner a Certificate of Appealability by finding that none of the issues raised by Petitioner "were debatable among jurists of reason; that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further." (Id. at 20.)

## LEGAL STANDARD

Because the motion was filed within 28 days of the order denying his motion to vacate his sentence and conviction, the Court will treat it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). See Fed.

R. Civ. P. 59(e); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Under Rule 59(e), reconsideration is unwarranted in the ordinary case. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).

Under Rule 59(e), reconsideration is appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Spectrum Worldwide, 555 F.3d at 780 (quotation marks omitted); accord Local Rule 60.1 (setting forth substantively identical standard for reconsideration of case-dispositive orders). An "attempt to reurge the case is not grounds for granting a motion for reconsideration." Kodimer v. Cnty. of San Diego, No. 07-CV-2221-BEN(NLS), 2010 WL 2926493, at *1 (S.D. Cal. July 22, 2010) (citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001)). Additionally, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

## DISCUSSION

Petitioner fails to assert a single argument in his filing to support reconsideration or an amended judgment. The only place Petitioner expressly

5

requests a certificate of appealability is in the title of his filing that states: "Notice of Appeal and Request of Certificate of Appealability from Denial of District Court order in the Nature of Habeas Corpus."[1] (Dkt. # 2913.) The body of the filing is void of any evidence or argument to support the Court finding its previous denial of a certificate of appealability to be clear error. Petitioner neither presents new evidence nor cites to a change in controlling law that would alter the Court's previous denial of his certificate of appealability.

Accordingly, Petitioner's Motion for a Certificate of Appealability (Dkt. # 2913) is **DENIED.**

**IT IS SO ORDERED.**

**DATE:** April 20, 2016, Las Vegas, Nevada.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, the Clerk's office filed this document as a motion pursuant to Special Order 109 requiring it to docket this filing as a motion because its title "requests" a certificate of appealability.